**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

FILED BY _____ D.C.

05 MAY 19  AM 6: 50

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

**UNITED STATES OF AMERICA**

-v-                                                04-20077-01-Ma

**THOMAS NELSON SEATON**

**Leslie Ballin, Retained**
**Defense Attorney**
**200 Jefferson Avenue, Suite 1250**
**Memphis, Tennessee   38103**

---

# JUDGMENT IN A CRIMINAL CASE
## (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 through 5 of the Indictment on January 31, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of children | 06/04/2003 | 1 |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of child pornography | 12/22/2003 | 2 & 3 |
| 18 U.S.C. § 2252(a)(1) | Transportation of child pornography | 11/18/2003 | 4 |
| 18 U.S.C. § 2252(b) | Conspiracy to transport child pornography | 11/18/2003 | 5 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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
Defendant's Date of Birth:   11/21/1944
Deft's U.S. Marshal No.:   19483-076

Date of Imposition of Sentence:
May 13, 2005

Defendant's Residence Address:
6359 Gillham Drive
Memphis, TN   38134

**SAMUEL H. MAYS, JR.**
**UNITED STATES DISTRICT JUDGE**

May 18, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 5-20-05

77

Case No: 04-20077-01-Ma
Defendant Name: Thomas Nelson Seaton

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred eighty (180) months** on Counts 1, 4 and 5, and **one hundred twenty (120) months** on Counts 2 and 3, each to run concurrently.  **Total term of imprisonment is one hundred eighty (180) months.**

The Court recommends to the Bureau of Prisons:

That defendant be designated to a facility where he can participate in a drug treatment program, a sex offender treatment program, and a mental health treatment program.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case No: 04-20077-01-Ma
Defendant Name: Thomas Nelson Seaton

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten (10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

Case No: 04-20077-01-Ma
Defendant Name: Thomas Nelson Seaton

10.     The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13.     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.     The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2.     The defendant shall participate as directed in a program of mental health treatment, including a sexual offender treatment program, approved by the probation officer. You shall abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing, at your own expense, to aid in the treatment and supervision process. The results of the polygraph examination may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions. Further, the defendant shall be required to contribute to the costs of services for such treatment in an amount determined reasonable by the probation officer.

3.     Defendant's employment and change of address must be approved by the Probation Officer.

4.     Defendant's place of residence may not be close in proximity to parks, playgrounds, public pools, or other locations frequented by children.

5.     Defendant may not directly or indirectly have contact with any child under age 18; may not reside with any child under 18; and may not loiter near school yards, playgrounds, swimming pools, arcades, or other places frequented by children.

6.     Defendant may not possess any pornography.

7.     Defendant may not use sexually oriented telephone numbers or services.

Case No: 04-20077-01-Ma
Defendant Name: Thomas Nelson Seaton

Page 5 of 5

8.      Defendant must abide by an evening curfew as set by the probation officer.

9.      Defendant shall not possess, or use, a computer with access to any "on line computer service" at any location (including employment) without the prior approval of the probation officer.   This includes any Internet Service provider, bulletin board system, or any other public or private network or e-mail system.

10.     Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $500.00 | | |

The Special Assessment shall be due immediately.

## FINE
No fine imposed.

## RESTITUTION
No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 77 in case 2:04-CR-20077 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Leslie I. Ballin
BALLIN BALLIN & FISHMAN
200 Jefferson Ave.
Ste. 1250
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT